J-A06034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HONORABLE MATTHEW | : | No. 1457 EDA 2019 |
| CARRAFIELLO, HONORABLE PAMELA | : | |
| PRYOR DEMBE, HONORABLE LISA | : | |
| RAU, HONORABLE LISETTE | : | |
| SHIRDAN-HARRIS, HONORABLE | : | |
| SHEILA WOODS-SKIPPER, | : | |
| HONORABLE ALLAN TERESHKO, | : | |
| HONORABLE BRADLEY MOSS, | : | |
| HONORABLE ABBE FLETMAN, | : | |
| HONORABLE KAREN SIMMONS, | : | |
| HONORABLE IDEE C. FOX, | : | |
| HONORABLE GARY GLAZER, | : | |
| HONORABLE ARNOLD NEW, | : | |
| HONORABLE FREDERICA MASSIAH- | : | |
| JACKSON AND HONORABLE PAULA | : | |
| PATRICK | : | |

Appeal from the Order Entered April 22, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  January Term, 2019, No. 2201

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              March 25, 2020

     Appellant Joan Lichtman appeals *pro se* from the Order entered in the

Court of Common Pleas on April 22, 2019, granting the Preliminary Objections

filed by Appellees, all of whom are judges of the Philadelphia Court of Common

---

[*] Former Justice specially assigned to the Superior Court.

Pleas, in response to Appellant's action against them wherein she sought monetary damages and the return of her real and personal property in connection with "two cases and related lawsuits" which date back over ten years.[1] We affirm.

In her Complaint filed on January 23, 2019, Appellant raised various claims of Appellees' alleged lack of jurisdiction, perjury, forgery theft, extortion, falsification of evidence, obstruction of justice and conspiracy with regard to decisions rendered in previous matters. On February 9, 2019, Appellees filed their Preliminary Objections wherein they requested that the Complaint be dismissed with prejudice. Appellees maintained the lawsuit is barred by the Sovereign Immunity Act, 42 Pa.C.S.A. § 8521 *et seq.*, the doctrine of absolute judicial immunity, and the coordinate jurisdiction rule. ***See*** Preliminary Objections at ¶¶ 6-8. In addition, Appellees averred Appellant had failed in general to set forth a claim upon which relief could be granted, and in particular had failed to set forth a claim for conspiracy. ***Id***. at 9-10.

---

[1] Appellant identified these underlying cases as ***Lichtman v. Zelenkofske Axelrod & Co. LTD***, Case No, 030602092 and ***Rittenhouse Plaza v. Lichtman***, Case No. 0710039964. Our research reveals that Appellant filed these and numerous other cases concerning collection of judgment and landlord/tenant eviction actions. The cases had been resolved against Appellant in the Court of Common Pleas of Philadelphia County, and she filed appeals with this Court and the Pennsylvania Supreme Court at various stages of the proceedings. This Court ultimately affirmed the trial court and the Pennsylvania Supreme Court denied allocator in the aforementioned cases. ***See Lichtman v. Axelrod***, 105 A.3d 789 (Pa.Super. 2014), *appeal denied*, 628 Pa. 632 (2014); ***Rittenhouse Plaza v. Lichtman***, 26 A.3d 1187 (Pa.Super. 2011), *appeal denied*, 613 Pa. 646 (2011).

In its Order entered on April 22, 2019, the trial court dismissed Appellant's Complaint with prejudice. Appellant filed a timely notice of appeal with this Court on May 6, 2019, and on May 10, 2019, the trial court directed Appellant to file and serve a concise statement of errors complained of on appeal in accordance with Rule 1925(b) within twenty-one days of the date of the Order, or by May 31, 2019. The trial court explained that any issue "not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Trial Court Order, filed May 10, 2019. On May 13, 2019, the trial court sent a copy of the Order to the parties; however, Appellant did not file her "Plaintiff's 1925(b) Statement Appeal" until July 2, 2019. In her concise statement, Appellant presented twenty-two (22) issues for the trial court's review.

In her appellate brief, Appellant sets forth three "Questions" for this Court's review:

> I.     Did the trial court - and <u>automatically</u> and <u>foolishly</u> in lockstep –succession, did/does Superior Court blindly 'follow suit' - err and abuse discretion, when the trial court failed to do the court's job, altogether, including <u>both</u> the trial court's and Superior Court's brazen refusals to read the pleadings filed by [Appellant's] counsel; and thereby, the trial court wrote its opinion conveniently dismissing the case "with prejudice", merely by copying text and contents (plagiarism in its worst form) from the Preliminary Objections, sustained by the trial court, as filed by Defendants' Administrative Office of the Pennsylvania attorney, who is providing all fourteen (14) [Appellees'] legal services, <u>jointly</u> free of charge on the taxpayers' dime, despite the AOPC attorney's <u>deliberate misrepresentation and incorrect statements</u> of the facts, evidence, law, and theory of the case, by using that attorney's slick trick of "deceive, deflect, divert, distort, and deny" the Truth, the whole Truth, and the whole ugly Truth?

- 3 -

[II.]    Did/does the Judiciary err and abuse discretion while acting in collusion/ conspiracy with members of the Bar to undermine the administration of justice and to manipulate judicial machinery, at the expense of innocence, innocents, and innocent crime victims, so as to protect offending and offensive members of the legal profession - attorneys and judges - from prosecution and disbarment?

[III.] Does the Judiciary's committing crimes 'from the bench' render the offending judges unfit to sit, while they also err and abuse discretion by acting outside the scope of judges' authority, and in the absence of jurisdiction, thereby leaving the Pennsylvania Judiciary liable to suit and for damages, as well as 'ripe' for prosecution and disbarment, where warranted

Brief for Appellant at 2 (underline in original).

Before we consider the merits of the aforementioned claims, we first must determine whether Appellant properly preserved them for this Court's review.   As stated previously, the trial court issued an Order on May 10, 2019, requiring Appellant to file a Rule 1925(b) statement and serve the same upon the trial court within twenty-one days.   The court warned that a failure to timely file the statement would result in waiver of any issue raised therein. The court administrator mailed the Order to the parties on May 13, 2019, pursuant to Pa.R.C.P. 236.

After listing twenty-two issues in her "Plaintiff's 1925(b) Statement Appeal," Appellant made a notation "Dated: May 24, 2019."[2] Notwithstanding,

---

[2] The certified docket indicates the concise statement was filed on July 2, 2019, and the trial court maintains that Appellant's concise statement was filed on July 2, 2019.   **See** Trial Court Opinion, filed 10/31/19, at 2 (unnumbered).

Appellant did not file her statement until July 2, 2019, well beyond twenty-one days.[3] Therefore, she has waived her claims. ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 226-27 (Pa.Super. 2014) (*en banc*) (concluding party waived issues where trial court issued order that complied with the Rule 1925(b), the order was served on appellant, and appellant filed untimely Rule 1925(b) statement).

Alternatively, even if we were to deem her concise statement timely filed, we would find Appellant's claims waived in light of the trial court's inability to discern the issues Appellant actually intended to raise therein. This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa.Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court further has stressed that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa.Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[ ] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived."

---

[3] Appellant attached a certificate of service to her concise statement filed on July 2, 2919, which reads as follows: "Plaintiff hereby certifies that Plaintiff's 1925b statement was served upon defendants' counsel and the trial judge by email and by fax, due to the Court of Common Pleas e-filing website being inoperable and offline, as well as subsequently in keeping with the Court of Common Pleas electronic filing system, after the FJD re-establishes its website in working order."

*Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa.Super. 2002). *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *appeal denied,* 584 Pa. 678, 880 A.2d 1239 (2005), *cert. denied,* *Spector, Gadon & Rosen, P.C. v. Kanter,* 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006). We have further stated that:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal....

*Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa.Super. 2006) (quoting *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa.Super. 2001)).

This Court similarly has found waiver applicable to voluminous concise statements. As indicated in *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007):

> Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have

- 6 -

"deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise." *Kanter*, 866 A.2d at 401. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. *Id.* "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa.Super. 2005).

In its Rule 1925(a) Opinion filed on October 31, 2019, the trial court indicated it had difficulty deciphering Appellant's claims on appeal from her Rule 1925(b) statement. *See* Trial Court Opinion, filed October 31, 2019, at 4 (unnumbered) (framing its discussion "as best as [it] can discern from [Appellant's] statement of matters"). Thus, we cannot conclude that Appellant's statement was so concise and coherent that the trial court was able to conduct a meaningful review of the issues she sought to raise, for Appellant's 1925(b) statement failed to assist the trial court in preparing a Rule 1925(a) Opinion that adequately addressed the issues that Appellant has appealed. Such a deficient filing is sufficient justification for this Court to dismiss the instant appeal. Accordingly, we further find Appellant has waived all issues on appeal for circumventing the meaning and purpose of Rule 1925(b) so as to preclude judicial review.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/20