J-A12030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY E. KODENKANDETH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DR. DAVID WESSEL, DMD | : | No. 1342 WDA 2021 |

Appeal from the Judgment Entered October 26, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD-18-10878

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: AUGUST 5, 2022**

Mary E. Kodenkandeth, *pro se*, appeals from the order granting summary judgment in favor of appellee, Dr. David Wessel, DMD. In contravention of Pennsylvania Rule of Appellate Procedure 1925(b), Kodenkandeth's thirty-five page statement of errors complained of on appeal, replete with at least thirteen discrete issues, waives all issues before this Court. As such, we affirm the judgment.

This case features a tortured procedural history. Briefly, as a dental professional liability action, Kodenkandeth filed a complaint against Dr. Wessel, asserting that the dental treatment she received from Dr. Wessel for the fabrication of a three-unit gold bridge left her with varying amounts of pain, as she alleges that the dental bridge was improperly fitted. In addition,

_____

[*] Retired Senior Judge assigned to the Superior Court.

she contends that this deficient treatment required further medical care to correct the cause of that pain.

The complaint asserted various causes of action: an action in assumpsit, a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), *see* 73 P.S. §§ 201-1–201-9.2, professional negligence, lack of informed consent, and negligent infliction of emotional distress.

After preliminary objections were filed, the lower court struck the UTPCPL and lack of informed consent claims, reasoning that Kodenkandeth failed to state claims upon which relief could be granted. The court also struck some of the verbiage used in the complaint, contending that such language was too vague or impertinent. Kodenkandeth filed a motion for reargument and reconsideration of the court's preliminary objections decision, which was later denied. Kodenkandeth appealed this denial, which was subsequently quashed by this Court. Following quashal, a petition for allowance of appeal with our Supreme Court was, too, denied. Ultimately, Dr. Wessel filed an answer and new matter to Kodenkandeth's complaint.

In response to Dr. Wessel's answer and new matter, Kodenkandeth filed a motion to strike, which was denied. Kodenkandeth filed a motion for reconsideration, which was also denied. Kodenkandeth then filed a reply to new matter and counterclaims/crossclaims. Those counterclaims/crossclaims seemingly repleaded causes of actions that had been dismissed by way of preliminary objections. Dr. Wessel filed preliminary objections in response to Kodenkandeth's new matter and counterclaims/crossclaims. After that,

Kodenkandeth filed preliminary objections to Dr. Wessel's preliminary objections. Eventually, the lower court granted Dr. Wessel's preliminary objections, which had the effect of striking certain portions of this most recent filing.

Following that event, Kodenkandeth filed a motion asserting, *inter alia*, an abuse in the administration of justice and, too, sought reconsideration of the previous preliminary objections decision. The reconsideration motion was denied. Kodenkandeth then filed a motion seeking a determination as to the finality of the preliminary objections decision, which was also denied. Kodenkandeth appealed this latter determination, which this Court quashed.

Kodenkandeth subsequently sought *nunc pro tunc* judicial review of the lower court's first granting of preliminary objections decision, which this Court denied. Stated broadly, Kodenkandeth continued to file initial and reconsideration motions, applications for relief, and petitions with the lower court, our Court, and our Supreme Court, which, either by way of denial or quashal, yielded Kodenkandeth no relief in this iteration of litigation.

Next, Kodenkandeth filed a motion for leave to amend her complaint, attempting to resurrect causes of action that had previously been dismissed or assert, for the first time, previously unpled causes of action. Ultimately, the lower court denied this motion. Following a similar pattern as earlier, Kodenkandeth filed a motion for reconsideration of this decision, which was thereafter denied.

During discovery, Kodenkandeth filed a motion to compel, and the lower

court resultantly ordered Dr. Wessel to provide a verified statement as to certain dental models that Kodenkandeth sought. In that statement, Dr. Wessel indicated that those dental models had been destroyed prior to the filing of Kodenkandeth's complaint, albeit at an uncertain date.

Utilizing the contents of the statement, Kodenkandeth filed a motion for summary judgment against Dr. Wessel, contending that Dr. Wessel effectively admitted to the spoliation of evidence that was beneficial to her case. Kodenkandeth's motion for summary judgment was denied. Kodenkandeth then filed a motion for reconsideration, which was also denied. Kodenkandeth appealed, which resulted in quashal from this Court.

Kodenkandeth filed certificates of merit for two dentists: Dr. Rudolph O. Hammermeister, BS, DMD, and Dr. Mary P. Main, DDS, MDS.[1] However, despite these submissions, she did not produce discovery responses to Dr. Wessel's requests or one scintilla of evidence to demonstrate that Dr. Wessel's actions fell below the applicable standard of care for his profession. Moreover, Kodenkandeth did not establish, through any filing, that she, in fact, suffered an injury or that there was any causality between Dr. Wessel's actions and her alleged injuries.

As the trial date approached, Kodenkandeth failed to produce a pretrial statement. Correspondingly, Dr. Wessel filed a motion for leave to file a

---

[1] As stated in Dr. Wessel's brief, Dr. Hammermeister's dental license status is inactive, having expired on June 30, 2005. *See* Appellee's Brief, at 13 (unpaginated). In addition, Dr. Wessel contends that Mary P. Mani "is in fact[] the [p]laintiff, Mary Kodenkandeth." *Id*.

motion for summary judgment. Kodenkandeth filed a motion to strike defendant's motion in response.

Three days after oral argument on Dr. Wessel's motion, Kodenkandeth filed a pretrial statement, but it did not contain any expert reports. Instead, it simply listed the two dentists utilized in her certificates of merit and stated that they will, at trial, present an expert report and/or testimony. However, specific to Dr. Hammermeister, he would only be able to present testimony if he was medically fit at the time of trial. After receiving this information, Dr. Wessel supplemented his motion for leave to emphasize that Kodenkandeth's pretrial statement contained no expert reports. Furthermore, her pretrial statement did not demonstrate, by way of record materials, any evidence of her injuries or damages.

The lower court granted Dr. Wessel's motion for leave, allowing him to file a motion for summary judgment within five days, to which Dr. Wessel complied. Kodenkandeth filed a motion to strike the motion, which was denied. Kodenkandeth then filed a response to Dr. Wessel's summary judgment motion.

After Dr. Wessel filed his summary judgment motion, Kodenkandeth filed a motion for permissive joinder of John Kodenkandeth as an additional plaintiff, asserting that John, Kodenkandeth's ex-husband, was an essential party to the case, despite Kodenkandeth not being married to John at the time her alleged injuries were suffered.

After hearing arguments on Dr. Wessel's motion for summary judgment

as well as Kodenkandeth's motion for permissive joinder, the lower court granted the summary judgment motion and denied the motion for permissive joinder. Kodenkandeth then filed a motion for reconsideration. Several days later, Kodenkandeth filed a timely notice of appeal to this Court, specifically appealing from the order granting Dr. Wessel's motion for summary judgment.

After being ordered to do so, *see* Court Order, 11/15/21, Kodenkandeth timely filed her statement pursuant to Pennsylvania Rule of Appellate Procedure 1925. Despite her filing that statement, we must first ascertain whether she properly preserved, for review purposes, the thirteen issues raised in her brief. *See Commonwealth v. Wholaver*, 903 A.2d 1178, 1184 (Pa. 2006) (indicating that this Court may *sua sponte* rule on issue preservation). We conclude that she has not.

Our Rules establish that a 1925(b) statement "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). Building on this principle, we note some of this Court's discussion on the jurisprudential background of Rule 1925(b):

> In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow

the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686–87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[ ] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002).

***Kanter v. Epstein***, 866 A.2d 394 (Pa. Super. 2004) (parallel citation omitted) (cleaned up citations); ***see also Jones v. Jones***, 878 A.2d 86, 89 (Pa. Super. 2005) (emphasizing that if a court must guess what issues an appellant is appealing, that guesswork forecloses meaningful review) (citation omitted).

Here, Kodenkandeth was ordered to file a statement of matters complained of on appeal. However, the mere the act of filing a 1925(b) statement does not, by itself, shield an appellant from the aforementioned scrutiny. By way of further elucidation,

the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise." We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007) (citations and some quotation marks omitted).

Kodenkandeth's 1925(b) statement is thirty-five pages in length, contains sixty-three paragraphs, and furthermore includes myriad subparagraphs. **See generally** Plaintiff's Pa.R.A.P. 1925 Statement of Matters Complained of on Appeal. The font, font size, and color of text fluctuate throughout the filing, and it is unclear what, precisely, Kodenkandeth complains of in this appeal. Additionally, Kodenkandeth's gratuitous use of bolding and underlining certain words and phrases as well as her extensive capitalization of individual letters and entire words in the middle of paragraphs makes the statement extremely difficult to parse.

Kodenkandeth's statement starts by enumerating documents that she suggests are involved in this appeal. Then, Kodenkandeth provides a lengthy procedural history of this case. Thirteen pages into the statement, Kodenkandeth finally provides a purported concise listing of errors. On the nineteenth page, Kodenkandeth enumerates additional issues for appeal purposes. Although her brief before this Court lists thirteen issues for review purposes, the 1925(b) statement, given the most generous reading possible, does not make this number of averments clear.

In **Tucker**, this court found waiver was appropriate, given that the concise statement consisted of sixteen pages and seventy-six paragraphs. **See** 939 A.2d at 346. In **Jones**, which also found waiver, the appellant filed a seven-page 1925(b) statement, consisting of twenty-nine paragraphs, that read like it "was written in narrative form[.]" 878 A.2d at 89. As such, it was impossible to discern "which of the twenty-nine paragraphs were actually

identifying the issues sought to be reviewed and which were providing unnecessary background information." ***Id***.

Kodenkandeth's 1925(b) statement, noticeably more egregious than those statements found faulty in ***Tucker*** and ***Jones***, made it "all but impossible for the trial court to provide a comprehensive analysis of the issues." ***Id***., at 90. In fact, reflective of the inherent ambiguities and, at times unintelligible phrasing,[2] contained in the 1925(b) statement, the trial court's opinion is one sentence in length, concluding that "even after viewing all the record and reasonable inferences in the light most favorable to [Kodenkandeth] and after resolving all doubts as to a genuine issue of material fact against [Dr. Wessel], the court was unable to identify any evidence [Kodenkandeth] intended to introduce sufficient to submit any of [Kodenkandeth's] counts to a jury." Trial Court Opinion, 11/17/21, at 1 (unpaginated). The trial court's clear inability to discern Kodenkandeth's claims and produce a responsive opinion has, too, obviously impeded our ability to substantively evaluate the claims she now attempts to raise on appeal.

Kodenkandeth is *pro se*. However, we note that, although we are willing to construe liberally the materials she has filed, her status does not give her

---

[2] ***See, e.g***, Plaintiff's Pa.R.A.P. 1925 Statement of Matters Complained of on Appeal, ¶ 42C ("It was these clerical errors that caused a mypolic motions Judge to tip the balance in favor of the defendant Wessel[.]"), 42E ("These errors made by anonymous clerks propagate throughout the judicial system, by contaminating evidence and the judicial docket record.")

any special benefit. **See Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citation omitted). Like any other litigant, Kodenkandeth must comply with our procedural rules. **See id**. (citation omitted). Because she has chosen to represent herself, she has "to some reasonable extent, assume[d] the risk that [her] lack of expertise and legal training will prove [her] undoing." **Id**. (citation omitted).

Kodenkandeth's disregard for Rule 1925(b) and our related authority as to what constitutes an egregious statement is vexatious and tantamount to, at a minimum, an attempt to overwhelm the trial court. This conduct, by filing a thirty-five page *concise* statement, largely in narrative format, "constitute[d] a course of misconduct which is designed to undermine the Rules of Appellate Procedure." **Jones**, 878 A.2d at 91 (citation and quotation marks omitted). Therefore, because of the voluminosity and verbosity of the claims contained within the concise statement, we find that her issues on appeal are waived.[3]

_____

[3] In the alternative, after our review of the record, we would agree with the lower court that Kodenkandeth presented absolutely nothing to demonstrate the existence of a genuine issue of material fact. Not only were her "expert reports" materially deficient, therefore preventing pursual of at least some of her causes of action, but, more importantly, Kodenkandeth did not provide *any* indication as to what evidence she intended to submit at trial. In addition, we are unable to discern anything representative of her actual damages and, too, Kodenkandeth's bald assertion of Dr. Wessel's fault as to any of the counts is not predicated on or supported by any disputed material facts. In effect, there was nothing to be decided by a jury. Accordingly, summary judgment was appropriate. **See** Pa.R.C.P. 1035.2(1); **see also Summers v. Certainteed Corp.**, 977 A.2d 1152, 1159 (Pa. 2010) ("When considering a

Accordingly, we affirm the trial court's order granting summary judgment in favor of Dr. Wessel.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2022

---

motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of a material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is free from all doubt.") (citation and internal quotation marks omitted).