J-A14005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRI L. FICK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS E. FICK | : | |
| | : | |
| Appellant | : | No. 989 MDA 2021 |

Appeal from the Order Entered July 19, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2011-FC-41281

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED: OCTOBER 11, 2022**

Nicholas E. Fick ("Mr. Fick") appeals *pro se* from the July 19, 2021 order denying his exceptions to the Master's Report and Recommendation regarding equitable distribution in this matter and directing the disbursement of marital funds in accordance with the Master's Recommendation to resolve the parties' economic claims after finding that Mr. Fick dissipated marital assets.[1]  After careful review, we quash this appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that the July 19, 2021 order from which Mr. Fick appeals is a final, appealable order, as the parties' divorce and equitable distribution claims were previously bifurcated, a divorce decree was entered on December 10, 2018, and this order resolves the remaining economic issues in this matter.  **See** Pa.R.A.P. 341(b)(1) (stating a final order is any order that disposes of all claims and of all parties); **Fried v. Fried**, 501 A.2d 211 (Pa. 1985) (indicating issues in divorce are reviewable after the entry of a divorce decree and resolution of all economic issues).

The trial court summarized the relevant facts and procedural history as follows:

A complaint in divorce was filed by … Terri Fick, now Terri Berto ("[Ms. Berto"]), on September 9, 2011, which asserted that [Ms. Berto] and [Mr. Fick] were married on November 4, 2005, in Moosic, Pennsylvania. On April 30, 2012, [Mr. Fick] filed an affidavit pursuant to 23 Pa.C.S. § 3301(d)[,] indicating that the parties separated on April 30, 2010. The parties' divorce and equitable distribution claims were bifurcated by opinion and order dated November 13, 2018…. A divorce decree was signed on December 10, 2018….

On November 6, 2019, [Ms. Berto] filed a petition for an equitable distribution hearing…, which was denied on November 26, 2019. In that petition, [Ms. Berto] alleged that [Mr. Fick] purchased a property at 3 Spruce Lane, Lake Ariel, Pennsylvania ("Lake Ariel Property")[,] in an attempt to hide marital assets. It was alleged that [Mr. Fick] had then listed that property for sale…. [T]he Lake Ariel Property was purchased by [CJL Property Holdings, LLC ("CJL")], a Pennsylvania limited liability company formed by [Mr. Fick]. William F. Dunstone, Esq. was appointed as Master in Divorce on December 23, 2019. [Mr. Fick] apparently evaded hearing notices from the Master[,] and [Ms. Berto] filed a motion for alternate service on July 1, 2020 (time-stamped July 9, 2020), which this court granted.

On September 18, 2020, a hearing was held before the Master. The Master issued his Report and Recommendation[] on February 19, 2021….[2] [Mr. Fick] filed exceptions to the Master's Report on March 9, 2021. [Mr. Fick's] exceptions were thoroughly briefed by both parties.

Prior to the resolution of [Mr. Fick's] exceptions, [Ms. Berto] filed a petition to prevent dissipation of marital assets ("First Petition to Prevent Dissipation") on March 17, 2021[,] and a hearing was scheduled for April 21, 2021. In her First Petition to Prevent Dissipation, [Ms. Berto] cited the Master's conclusion that the Lake Ariel Property was marital property. Further, [Ms. Berto] cited the

---

[2] The details of the parties' testimony before the Master and the Master's specific recommendations are discussed by the trial court throughout its Pa.R.A.P. 1925(a) opinion.

Master's conclusion that the Lake Ariel Property should be sold and the proceeds placed in escrow to resolve the equitable distribution issues. [Ms. Berto] alleged that [Mr. Fick] sold the Lake Ariel Property on or about October 12, 2020, after the Master's Hearing, and argued that the proceeds of sale of the Lake Ariel Property were marital property consistent with the Master's conclusions. Additionally, as referenced in [Ms. Berto's] petition, the Master concluded that [Mr. Fick] was the sole member of CJL and that the CJL entity was marital property.

Supported with records obtained by subpoena from the Dime Bank of Honesdale regarding CJL's checking account, [Ms. Berto] filed an emergency petition to prevent dissipation of marital assets ("Second Petition to Prevent Dissipation") on April 8, 2021[,] seeking a freeze of the account. [Ms. Berto] alleged in the Second Petition to Prevent Dissipation that bank records showed a deposit on October 30, 2021[,] in the amount of $305,964.85, which represented the sale proceeds of the Lake Ariel Property. [Ms. Berto] further alleged that the account balance was $112,557.86[,] as of April 4, 2021, showing a dissipation of $193,406.99 of marital property. This court granted [Ms. Berto's] emergency relief as requested in the Second Petition to Prevent Dissipation by order dated April 8, 2021. The April 8, 2021 order directed the Dime Bank of Honesdale to freeze the account belonging to CJL to preserve the status quo and to avoid any further dissipation of potential[] marital assets pending disposition of [Mr. Fick's] exceptions.

On April 20, 2021, [Mr. Fick] filed answers to [Ms. Berto's] First and Second Petitions to Prevent Dissipation and a brief in opposition. [Mr. Fick] also filed objections to subpoenas served on him and the Dime Bank of Honesdale, along with two motions to quash, and two separate requests for sanctions against [Ms. Berto] and [Ms. Berto's] counsel.

The following day, a hearing was held on … [Ms. Berto's] petitions … and [Mr. Fick's] various challenges to the subpoenas. [Mr. Fick] attempted to represent the interests of CJL at the time of the April 21, 2021 hearing in violations of Pennsylvania law. *See* Order[,] 4/22/2021, … at ¶ 4 (citing ***David R. Nicholson Builder, LLC v. Jablonski***, 163 A.3d 1048, 1057 (Pa. Super. []2017)). By way of order dated April 22, 2021, this court granted the Second Petition to Prevent Dissipation and denied [Mr. Fick's] requests for relief.[4]

- 3 -

> [4] Only the Second Petition to Prevent Dissipation was addressed by the April 22, 2021 order. Based on the evidence and testimony of the April 21, 2021 hearing, [Ms. Berto's] prayers for relief in the Second Petition superseded her prayer for relief in the First Petition.
>
> [Mr. Fick] obtained counsel to represent CJL's interests in this litigation and CJL filed a petition to intervene on May 5, 2021, which this court granted. CJL also filed a motion to reconsider [the] order of April 22, 2021 ("Motion for Reconsideration"), which this court granted pending a hearing. On July 7, 2021, a hearing was held on CJL's Motion for Reconsideration. By way of an order dated July 19, 2021, this court denied CJL's Motion for Reconsideration.[3]
>
> Oral argument on [Mr. Fick's] exceptions to the Master's Report and Recommendation was also held on July 7, 2021. After reviewing the record before the Master, the Master's Report and Recommendation, the parties' various filings regarding the exceptions, and holding two hearings regarding the freeze of CJL's bank account, this court affirmed the Master and adopted his Report and Recommendation.

Trial Court Opinion ("TCO"), 9/9/21, at 3-6 (citations to record, some footnotes, and unnecessary capitalization omitted).

On July 19, 2021, the trial court entered an order denying Mr. Fick's exceptions to the Master's Report, affirming and adopting the Master's Report and Recommendation, and further ordering:

> 3. This court specifically finds that the bank account of CJL … contains marital assets subject to equitable distribution and that [Mr. Fick] used marital funds to purchase a property in Lake Ariel, Pennsylvania[,] in the name of CJL Property

---

[3] Mr. Fick and CJL filed separate appeals from the July 19, 2021 order denying CJL's motion for reconsideration at docket nos. 1057 and 990 MDA 2021, respectively. Both appeals were quashed *sua sponte* by this Court, as an appeal does not lie from an order denying reconsideration. Rather, an appeal must be timely filed from the underlying final order. **See Commonwealth v. Moir**, 766 A.2d 1253 (Pa. Super. 2000).

Holdings, LLC, sold that property, and then transferred the proceeds of the sale to a CJL … bank account. Subsequently, [Mr. Fick] dissipated the funds deposited in that account.

4. [Mr. Fick's] actions in this matter represent a clear attempt to defeat equitable distribution.

5. As such, the balance of funds in the CJL … bank account ending in xxx43 shall be disbursed to resolve the parties' economic claims. Said funds shall be disbursed in the manner recommended by the Divorce Master in pages 45 to 48 in the Master's Report and Recommendation….

Order, 7/19/21, at 1-2 (unnecessary capitalization omitted).

On July 22, 2021, Mr. Fick filed a timely notice of appeal, followed by a timely, court-ordered "Statement of Errors Complained of on Appeal" pursuant to Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion on September 9, 2021. Mr. Fick now presents the following issues for our review on appeal:

1. Did the lower court err as a matter of law in failing to dismiss the claim for a quantum meruit marital portion of a legal fee in the Perrini/Koziell matter, a pending contingent fee case?

2. Did the lower court err as a matter of law in failing to find that the Perrini/Koziell matter was nonmarital property with no increase in value during marriage?

3. Did the lower court err as a matter of law in failing to find that the Perrini/Koziell fee was future income and therefore nonmarital property?

4. Did the Master err as a matter of law in creating multiple issues on his own post[-]hearing, which were not raised in the hearing, in violation of statutory authority and the applicable rules, and in violation of due process?

5. Did the lower court err as a matter of law in failing to find a waiver of possible marital claims against the former law practice of Mr. Fick as a whole, a premarital property owned

by Mr. Fick on Highland Avenue, and a so-called agreement for the full payment of Wells Fargo debt by Mr. Fick?

6. Is the record void of necessary competent evidence to establish a value of the former law practice?

7. Is the record void of any competent evidence concerning the value of the Highland Avenue property owned by Mr. Fick prior to marriage and a compete [*sic*] record relative to the purchase of the same and work performed on the property prior to marriage?

8. Does the record lack the necessary elements of an agreement for Mr. Fick to assume the full Wells Fargo debt?

9. Did the lower court err in awarding attorney's fees and costs?

10. Did the lower court err as a matter of law in failing to address the amount of the Master's fee considering the actions of the Master in exceeding his statutory authority, failing to follow established case law and complicating what should have been a straightforward divorce action?

11. Did the lower court err as a matter of law in finding that the bank account of CJL … contained marital funds and Mr. Fick dissipated marital funds?

12. Did the lower court abuse its discretion in analyzing equitable distribution factors?

Appellant's Brief at 3-5 (suggested answers omitted).

Before addressing the merits of the numerous claims raised by Mr. Fick, we must first determine whether he has properly preserved these issues for appellate review. This Court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P.

1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007).

In *Tucker*, we explained:

This Court has held that when appellants raise an outrageous number of issues in their [Rule] 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal…. Further, this type of extravagant [Rule] 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Id.* (citations and internal quotation marks omitted; brackets in the original). Hence, "the Pa.R.A.P. 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008). *See Kanter*, 866 A.2d at 401 (determining that where a total of 104 issues were included in their Rule 1925(b) statements, the appellants raised "an outrageous number of issues, … deliberately circumvented the meaning and purpose of Rule 1925(b)[,] and … thereby effectively precluded appellate review of the issues they now seek to raise"). "Even if the trial court correctly guesses the issues [an a]ppellant raises on appeal and writes an opinion pursuant to that supposition the issues are still waived." *Id.* at 400 (internal brackets and citation omitted). Moreover, we cannot accord special relief to

an appellant merely because of his or her *pro se* status. **See Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996) (noting that a *pro se* appellant is not entitled to any particular advantage).

In the case *sub judice*, Mr. Fick filed a fourteen-page, single-spaced Rule 1925(b) statement consisting of 115 errors complained of on appeal.[4] This voluminous statement is anything but concise and certainly did not identify the issues that Mr. Fick actually intended to raise before this Court. Instead, Mr. Fick's Rule 1925(b) statement identified significantly more issues than he could have possibly raised on appeal due to appellate briefing limitations, forcing the trial court to guess which issues he would actually raise on appeal. **See** TCO at 2 ("Despite an effort to be comprehensive here, this [c]ourt is impeded in its preparation of a legal analysis. With so many exceptions raised, it is difficult to determine which specific issues [Mr. Fick] intend[s] to raise on appeal…. This [o]pinion addresses a multitude of the issues raised and provides as full of an analysis as possible under the circumstances.").

Thus, we conclude Mr. Fick's court-ordered Rule 1925(b) statement was not concise and constitutes bad faith designed to undermine the Rules of Appellate Procedure. **See Jiricko**, **supra**; **Kanter**, **supra**. Consequently, Mr. Fick has waived all issues on appeal due to his circumventing the meaning and purpose of Rule 1925(b), which hinders us from conducting meaningful

---

[4] We observe that one of Mr. Fick's alleged errors incorporates all 120 of his exceptions to the Master's Report and Recommendation. **See** TCO at 1 (citing Appellant's Pa.R.A.P. 1925(b) Statement at ¶ 93).

judicial review. We note that, in addition to *Jiricko*, *Tucker*, and *Kanter*, there is ample precedent supporting our analysis and conclusion. *See Satiro v. Maninno*, 237 A.3d 1145 (Pa. Super. 2020) (finding waiver of all issues where the Rule 1925(b) statement identified 29 issues, declaring the issues on appeal were "so voluminous and vague" that the trial court was forced to guess at what they are and "there can be no meaningful appellate review"); *Jones v. Jones*, 878 A.2d 86 (Pa. Super. 2005) (concluding that all of Wife's issues were waived after determining Wife "attempted to overwhelm the trial court" by filing a seven-page Rule 1925(b) statement identifying twenty-nine issues and that Wife's conduct "breache[d] her duty of good faith and fair dealing with the Court and constituted a course of misconduct which is designed to 'undermine the Rules of Appellate Procedure'") (quoting *Kanter*, 866 A.2d at 402).

Accordingly, we quash this appeal due to our inability to conduct meaningful appellate review.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2022

- 9 -