Louis and Jacqueline TUCKER, h/w and Christina Tucker, by Her Parents and Guardians, Louis and Jacqueline Tucker, Appellant

v.

R.M. TOURS a/k/a Richard Moss Tours, Ltd. a/k/a Richard Moss Travel and Tour Agency and Apple Vacations and Leisure Travel & Tours Co., Ltd., Appellee.

Superior Court of Pennsylvania.

Argued Aug. 28, 2007.

Filed Nov. 28, 2007.

Reargument Denied Jan. 30, 2008.

It is not for an appellate court to determine whether it would have reached the same conclusions as the trial court; if the court's findings are supported by the record, they should not be disturbed. *Denes,* at 222; *In re Condemnation by Township of Heidelberg,* 58 Pa. Cmwlth. 321, 428 A.2d 282, 284–85 (1981).

In addition, a condemnees burden of proving the trial court committed an abuse of discretion in dismissing his challenge to a condemnation is a heavy one. *In re Condemnation by School District of Pittsburgh,* 430 Pa. 566, 244 A.2d 42, 46 (1968).

John J. O'Brien, III, Wynnewood, for appellants.

Andrew J. Gallogly, Philadelphia, for Apple, appellee.

Sean V. Kemether, Media, for Leisure, appellee.

BEFORE: STEVENS, BENDER, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment entered in the Court of Common Pleas of Philadelphia County. On appeal, Appellants present this Court with seventeen

issues. For the reasons discussed *infra*, we find Appellants' issues to be waived pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and accordingly, we affirm the judgment.[1]

¶ 2 The relevant facts and procedural history are as follows: On March 21, 2006, the trial court entered judgment in favor of Appellees, and Appellants filed a timely notice of appeal to this Court. On April 24, 2006, the trial court directed Appellants to file a statement pursuant to Pa. R.A.P. 1925(b) within fourteen days of the entry of the order. The record and docket entries reveal that proper notice of the order was provided to Appellants. On May 3, 2006, Appellants filed a timely Pa. R.A.P. 1925(b) statement. However, Appellants' court-ordered Pa.R.A.P. 1925(b) statement was sixteen pages long, with seventy-six paragraph statements, plus exhibits.

¶ 3 Apparently, the trial court found the lengthy statement to be confusing and voluminous, and therefore, on August 4, 2006, the trial court *sua sponte* requested a second "concise" Pa.R.A.P. 1925(b) statement within fourteen days of the entry of the order. Although the trial court's August 4, 2006 order was stamped as being received by the prothonotary and included a notation that copies were properly sent to the parties, the order was neither formally docketed nor included in the certi-fied record.[2] On August 16, 2006, Appellants filed a second Pa.R.A.P. 1925(b) statement, which was eight pages long, with thirty-four paragraph statements, plus exhibits. Appellants acknowledged receipt of the trial court's August 4, 2006 order and indicated they were incorporating by reference their initial Pa.R.A.P. 1925(b) statement for the trial court's consideration. On March 27, 2007, the trial court filed a Pa.R.A.P. 1925(a) opinion advocating waiver of Appellants' issues pursuant to *Kanter v. Epstein,* 866 A.2d 394 (Pa.Super.2004), and its progeny. Specifically, after reviewing Appellants' first and second Pa.R.A.P. 1925(b) statements, the trial court stated:

> The Statement[s] submitted in this matter serve as an example of the opposite interpretation of the adjective "concise" as used in Pa.R.A.P. 1925(b) and the court's orders. "By raising an outrageous number of issues, the [appellants] deliberately circumvent[ed] the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they ... seek to raise."

Trial Court Opinion filed 3/27/07 at 5 (quotation and citation omitted).

¶ 4 Following its waiver analysis, the trial court excavated eleven issues from Appellants' second Pa.R.A.P. 1925(b) state-

---

**1.** On appeal, this Court has received numerous motions from the parties. Specifically, Appellee Apple Vacations filed motions to quash the appeal on May 2, 2007 and May 17, 2007; Appellants filed a motion to strike Appellee Apple Vacations' motion to quash on May 11, 2007; Appellee Leisure Travel and Tour Co., Ltd., (Appellee Leisure Travel) filed a motion to strike Appellants' reproduced record and brief on July 26, 2007; Appellants filed a motion to strike Appellee Leisure Travel's brief and motion on August 2, 2007; Appellants filed a motion to transfer trial exhibits and motion exhibits on August 2, 2007; Appellants filed a motion to supplement the record with depositions on August 29, 2007; Appellants filed a motion to supplement the record with Appellee Leisure Travel's admission that Richard Moss is an officer of Leisure Travel on August 31, 2007; and Appellee Leisure Travel filed a motion to strike Appellants' motions on September 5, 2007. In light of our discussion *infra,* we find all of the parties' motions to be moot, and accordingly, we deny the motions.

**2.** A copy of the order is attached as an exhibit to Appellees' motion to quash this appeal.

ment, which incorporated Appellants' initial statement, and provided this Court with a cursory review of the issues.

¶ 5 Before addressing the merits of the seventeen issues raised in Appellants' brief, we must determine whether the issues have been properly preserved for our review. *See Commonwealth v. Wholaver*, 588 Pa. 218, 903 A.2d 1178 (2006) (holding this Court may *sua sponte* determine whether issues have been properly preserved for appeal). The fact Appellants filed a timely Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation.

¶ 6 Pa.R.A.P. 1925(b) was discussed in *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super.2004), where this Court stated:

In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa.Super.2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa.Super.2001). "Even if the trial court correctly guesses the issues Appellants raise[ ] on appeal and writes an opinion pursuant to that sup-

position the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa.Super.2002).

■ ¶ 7 Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise." *Kanter*, 866 A.2d at 401. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. *Id.* "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa.Super.2005).

■ ¶ 8 In the case *sub judice*, we conclude Appellants have engaged in misconduct when they "attempted to overwhelm the trial court by filing [a] Rule 1925(b) Statement ... that contained a multitude of issues that [Appellants] did not intend to raise and/or could not raise before this Court." *Kanter*, 866 A.2d at 402. Appellants' initial court-ordered Pa.R.A.P. 1925(b) statement, which was filed on May 3, 2006, consisted of sixteen pages, with seventy-six paragraphs statements, plus exhibits. Our review of the statement reveals that Appellants raised a voluminous number of lengthy issues, which created confusion for the trial court. We conclude that this conduct on the part of Appellants breaches their duty of good faith and fair

dealing with the Court and constitutes a course of misconduct which is designed to "undermine the Rules of Appellate Procedure." *Id.* Accordingly, for the reasons discussed *supra,* we find Appellants' issues on appeal to be waived. *See Wells v. Cendant Mobility Financial Corp.,* 913 A.2d 929 (Pa.Super.2006) (holding that issues on appeal are deemed to be waived when the Pa.R.A.P. 1925(b) statement is too vague and the trial court is forced to guess at what issues an appellant is raising); *Jones, supra; Kanter, supra.*[3]

¶ 9 We note that our conclusion is not altered by the fact the trial court's second Pa.R.A.P. 1925(b) order was not properly docketed or included in the certified record. Generally, waiver will not be found for a Pa.R.A.P. 1925(b) violation when the trial court's Pa.R.A.P. 1925(b) order is not filed with the prothonotary, properly docketed, or the prothonotary fails to give proper written notice of the order to the parties. *See Forest Highlands Community v. Hammer,* 879 A.2d 223 (Pa.Super.2005). However, application of this general rule is not so clear in the case *sub judice.*

¶ 10 It is undisputed, and the record reflects, that the trial court filed, and the prothonotary docketed and provided notice of, the trial court's initial April 24, 2006 Pa.R.A.P. 1925(b) order. Appellants responded with their May 3, 2006 statement, which the trial court properly concluded was totally improper and violated

Pa.R.A.P. 1925(b). The trial court then made a second attempt to secure a concise Pa.R.A.P. 1925(b) statement in order to aid the trial court in preparing an opinion. It was this second order, made in response to Appellants' initial voluminous, confusing Pa.R.A.P. 1925(b) statement, which was not docketed.[4] We conclude that any second attempt by the trial court to encourage Appellants to present a proper Pa.R.A.P. 1925(b) statement was unnecessary and not within the trial court's discretion.

¶ 11 The Supreme Court has indicated that Pa.R.A.P. 1925(b) creates a "bright-line" rule and waiver is automatic. *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002). In *Castillo,* the Supreme Court held that the trial court has no discretion to accept an untimely filed court-ordered Pa.R.A.P. 1925(b) statement. The Court's holding was based on the well-established purposes of Pa.R.A.P. 1925(b).

> [The purpose of Pa.R.A.P. 1925(b)] is to aid appellate review by providing a trial court the opportunity to focus its opinion upon only those issues that the appellant plans to raise on appeal, and guarantees predictable consequences for failure to comply with the rule. Additionally ... the simplicity of Pa.R.A.P. 1925(b)'s requirements impose only a minor burden on the appellant, who also may proactively seek from the trial

---

**3.** We note that Appellants' misconduct with respect to their Pa.R.A.P. 1925(b) statement is compounded by their disregard for Pa.R.A.P. 2116(a)'s briefing requirements. In fact, in the case *sub judice,* even if we were not to conclude Appellants' statement violates Pa.R.A.P. 1925(b), we would find seven of the issues presented in Appellants' two-page "Statement of Questions Involved" to be waived. *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved ... should not ordinarily exceed fifteen line [and] must never

exceed one page[.]"). Appellants' brief reveals their continued approach of overwhelming and creating confusion in the judicial system.

**4.** We note that Appellants' second Pa.R.A.P. 1925(b) statement, which was filed on August 16, 2006 and incorporated by reference Appellants' initial statement as an exhibit, also violated *Kanter* and its progeny.

court an extension of time to file or the ability to amend a statement if needed. *Castillo*, 585 Pa. at 400, 888 A.2d at 778.

¶ 12 The Supreme Court in *Castillo* cautioned against an appellate system where the same factual situation could produce diametrically opposed results, and therefore, prohibited trial courts from exercising discretion in accepting untimely-filed Pa.R.A.P. 1925(b) statements. We conclude *Castillo's* reasoning is applicable to the case *sub judice*. Allowing trial courts the discretion to *sua sponte* permit appellants to refine their appellate issues in a second court-ordered Pa.R.A.P. 1925(b) statement will result in inconsistencies.[5] For example, when faced with a voluminous, confusing Pa.R.A.P. 1925(b) statement, one trial court may simply enter an opinion advocating waiver while another trial court may *sua sponte* permit the appellant a second chance to file a more refined Pa.R.A.P. 1925(b) statement, in response to which the trial court may enter a detailed opinion. As a result, the same factual situation could produce diametrically opposed results depending on what action the trial court takes in response to the initial Pa.R.A.P. 1925(b) statement. As referenced *supra*, the Supreme Court has held that such inconsistency of results is not appropriate and that a "bright-line rule to provide litigants and courts with clarity and certainty" is necessary. *Castillo*, 585

Pa. at 401, 888 A.2d at 779. Therefore, in the case *sub judice*, we conclude that the trial court did not have the discretion to *sua sponte* permit Appellants to file a second Pa.R.A.P. 1925(b) statement, and therefore, any deficiency with regard to the trial court's second order does not alter the outcome of this case.[6]

¶ 13 AFFIRMED. Appellee Apple Vacations' motions to quash the appeal filed on May 2, 2007 and May 17, 2007 are DENIED as moot; Appellants' motion to strike filed on May 11, 2007 is DENIED as moot; Appellee Leisure Travel's motion to strike filed on July 26, 2007 is DENIED as moot; Appellants' motion to strike filed on August 2, 2007 is DENIED as moot; Appellants' motion to transfer trial exhibits and motion exhibits filed on August 2, 2007 is DENIED as moot; Appellants' motion to supplement the record filed on August 29, 2007 is DENIED as moot; Appellants' motion to supplement the record filed on August 31, 2007 is DENIED as moot; and Appellee Leisure Travel's motion to strike filed on September 5, 2007 is DENIED as moot.

---

5. We note that Appellants did not file a petition seeking to supplement their initial Pa. R.A.P. 1925(b) statement.

6. Pa.R.A.P. 1925(b) was amended on May 10, 2007, effective July 25, 2007. The amendment indicates, in relevant part, "The Statement should not be redundant or provide lengthy explanations as to any error. Where nonredundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." However, "the amendment to Rule 1925(b) does not apply to

the case *sub judice* because the notice of appeal was filed prior to the effective date of the Rule's amendment." *Donoughe v. Lincoln Electric Co.*, 936 A.2d 52, 60 n. 7 (Pa.Super.2007). In any event, even if the amendment was applicable, we conclude Appellants' Pa.R.A.P. 1925(b) statement does not meet Subsection (b)(4)(iv)'s requirements. That is, it was not merely the number of issues raised by Appellants but the redundant, lengthy, confusing manner in which the issues were presented which required the finding of waiver in this case.