J. A21027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRENDA M. DUDEK AND MICHAEL H. DUDEK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| THE CHESTER COUNTY HOSPITAL AND HEALTH SYSTEM, GAWTHROP, GREENWOOD | : | No. 3063 EDA 2015 |

Appeal from the Order Entered September 3, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2013-12455

BEFORE: Bender, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JULY 19, 2016**

Appellants, Brenda M. Dudek and Michael H. Dudek, plaintiffs below, appeal, *pro se*, from the final order entered in the Chester County Court of Common Pleas on September 3, 2015, granting summary judgment in favor of Appellees, The Chester County Hospital and Health System, Richard O. Donze, D.O., MPH, Stephanie Ciccarelli, M.D., Therese M. Winkler, Martye L. Marshall, M.D., and "Other John &/or Mary Doe Doctors (the "Hospital Appellees"), Neighborhood Health Agencies, Inc., Neighborhood Visiting Nurse Association, and Debbie Travers. Appellants also appeal from the April 23, 2014 Order sustaining the Preliminary Objections filed by Appellee Gawthrop Greenwood, P.C.; the April 25, 2014 Order granting in part and denying in part the Preliminary Objections filed by the Hospital Appellees;

and the September 17, 2014 Order granting the Motion to Dismiss filed by Richard Donze, D.O. We conclude Appellants have waived their issues on appeal. Accordingly, we affirm.

Pa.R.A.P. 1925(b)(4) requires that, when the trial court orders an appellant to file a Rule 1925(b) Statement, the Statement "shall set forth only those rulings or errors that the appellant intends to challenge," that the "Statement concisely identify each ruling or error that the appellant intends to challenge," and that the Statement "should not be redundant or provide lengthy explanations as to any error desires clarification of the errors complained of on appeal." **See** Pa.R.A.P. 1925(b)(4)(i), (ii), and (iv).

In the instant case, Appellants filed a Rule 1925(b) Statement consisting of 39 pages of unnumbered alleged errors. Our review of Appellants' Statement confirms that "[t]he allegations of error are presented in a narrative format which contradicts the events of which [Appellants] complain." Trial Ct. Op., 10/29/15, at 2. Many of the issues raised therein contain multiple sub-parts and excessive explanations regarding the alleged errors. Consequently, the trial court found it "difficult to discern a legal basis for the alleged errors[,]" and believed that Appellants' 1925(b) Statement, "put[] them in danger of having all issues waived." **Id.** at 3. As a result, the trial court declined to address the alleged errors, and instead directed this Court to its Orders of April 23, 2014, April 25, 2014, September 17, 2014, and September 3, 2015.

"[T]he issue of waiver based on a violation of Rule 1925(b) is expressly reserved to the appellate courts, and not to the trial courts." ***Commonwealth v. Donahue***, 630 A.2d 1238, 1242-43 (Pa. Super. 1993). Here, we ascertain that Appellants' disregard of both the spirit and explicit text of Rule 1925(b)(4) is too egregious to be overlooked. Accordingly, we conclude that all of the claims raised in Appellants' Rule 1925(b) statement have been waived for their failure to comply with Rule 1925(b)(4), and we affirm the orders of the trial court on that basis. ***See Tucker v. R.M. Tours***, 939 A.2d 343, 346-47 (Pa. Super. 2007) (finding the appellant's issues waived where his Rule 1925(b) Statement consisted of 16 pages with 76 paragraphs, and was so voluminous that it created confusion for the trial court); ***Kanter v. Epstein***, 866 A.2d 394, 401 (Pa. Super. 2004) (finding the appellants' issues waived where they raised an "outrageous number of issues").

Orders affirmed. Case is stricken from the argument list. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016

- 3 -