J-A17024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| CITIMORTGAGE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOHN H. NORMAN, SR. | |
| Appellant | No. 2412 EDA 2016 |

Appeal from the Judgment Entered November 14, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2009, No. 00813

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                **FILED JUNE 27, 2017**

Appellant, John H. Norman, Sr., appeals from the judgment entered in favor of CitiMortgage, Inc., on November 14, 2016, following a bench trial in this mortgage foreclosure action.  We affirm.

We adopt the following statement of facts and procedure from the docket and the trial court opinion, which in turn are supported by the record. **See** Trial Court Opinion (TCO), 2/23/2017, at 1-7.  In August 2007, Appellant executed a mortgage and promissory note in exchange for a loan on his property.   Appellant defaulted on the mortgage in November 2008. In June 2009, the mortgage was assigned to Appellee.   Foreclosure

_____

[*] Retired Senior Judge assigned to the Superior Court.

proceedings commenced in August 2009.[1]  In September 2009, Appellant executed a power of attorney naming Gwendolyn Harmon, his daughter, as his attorney-in-fact.

The matter proceeded through a tortured litigation process.  The court dismissed Appellant's counterclaims.  The matter was litigated extensively in discovery and motions courts.  Multiple motions for sanctions were filed by both parties.  Multiple motions for summary judgment were filed; in August 2015, the court granted Appellee's cross-motion for partial summary judgment.  Prior to trial, both parties filed extensive motions *in limine*.

Finally, the matter proceeded to bench trial from February 26, 2016, through March 2, 2016.  On the third day of trial, the court examined Appellant and ruled that he was incompetent and unable to testify at trial. The court found in favor of Appellee and entered an *in rem* judgment in the amount of $260,059.55 and post-judgment interest.  Appellant's motion for reconsideration and post-trial motions were denied.  Appellant filed notices

---

[1] In September 2013, Appellant separately commenced a complaint in the Eastern District of Pennsylvania, alleging that Lownhome and Appellee had violated the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. § 201 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* as well as various tort claims.  Summary judgment was granted in Appellee's favor in June 2015.  During the pendency of this case, Appellant's daughter, Gwendolyn Harmon, was ordered not to engage in the unauthorized practice of law due to her suspension from the bar of Pennsylvania.

of appeal on July 27, 2016, and again on August 16, 2016.[2] Appellant filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

Initially, we observe that Appellant's 1925(b) statement was deficient. The statement must be concise and coherent as to permit the court to understand the specific issues being raised on appeal; when an appellant raises an "outrageous" number of issues in the statement, he has deliberately circumvented the meaning and purpose of Rule 1925, preventing meaningful review. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007). Here, although the court produced an opinion, Appellant's five-page, twenty-seven issue statement was not concise and coherent so as to enable the court to conduct a meaningful review of the issues he sought to raise and he has not preserved them for purposes of appeal. *Id.*; *see also* Appellant's Pa.R.A.P. 1925(b) Statement, 8/22/16, at 1-5.

Further, Appellant's brief does not comply with the Rules of Appellate Procedure. If briefs and reproduced records do not comply with the rules, and the defects are substantial, the appeal may be dismissed. *See* Pa.R.A.P. 2101. Here, the defects are substantial. Although a *pro se*

---

[2] On November 3, 2016, this Court quashed Appellant's appeal docketed at 2735 EDA 2016 as duplicative of the instant appeal. *See* Order, 11/3/16, 2735 EDA 2016, at 1.

litigant's filings may be liberally construed, an appellant still must comply with the Pennsylvania Rules of Civil Procedure. *See*, *e.g.*, *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003).

Appellant's brief violates almost every Rule of Appellate Procedure related to briefs and reproduced records. *See* Pa.R.A.P. 2111-2119; 2135; 2154; 2171-2174. The brief is unpaginated, without a table of contents, does not contain a certification of word count, and is missing several portions designated as required by Pa.R.A.P. 2111. Appellant's statement of the case is a rambling, forty-six paragraph screed that does not discuss motions *in limine*, the trial, evidentiary issues raised at trial, or the manner in which any of these issues were preserved, in any way. Appellant's argument section does not address many of the issues stated in his statement of questions.

On appeal, Appellant raises twenty-six questions for our review.[3] *See* Appellant's Brief at 10-14. Appellant's statement of issues is identical to the issues raised in his Pa.R.A.P. 1925(b) statement. Each issue is, itself, a large paragraph and accordingly, we will not reproduce them verbatim. *See* Appellant's Brief at 10-14.

---

[3] Appellant's statement of questions is misnumbered; although it states that it raises twenty-seven questions, there are only twenty-six. Additionally, Appellant's brief lacks page numbers. We have paginated the brief for ease of reference, not counting Appellant's cover page.

Appellant claimed the court erred in dismissing his claims and counterclaims, and in denying his motions for summary judgment and for sanctions against Appellee. *Id.* Appellant challenged a number of evidentiary rulings made during trial, including the sequestration of his daughter because it rendered her unable to assist his trial counsel, as he was incompetent to do so. *Id.* He further challenged the admission of certain checks, and the limitation of expert testimony presented by Appellant, among other complaints. *Id.* Appellant challenged the validity and enforceability of the mortgage, claiming that Appellee had no standing to enforce the mortgage and that Appellant was not competent to enter into a mortgage. *Id.* Appellant challenged the accuracy and validity of the judgment. *Id.* Appellant accused the court of bias, impartiality, and unfair rulings. *Id.* Finally, Appellant argued the court erred in denying his petition to appeal *in forma pauperis*. *Id.*

The trial court found many of Appellant's claims waived for failure to object at trial and failure to allege the claim with sufficient specificity, including his third, fourth, sixth, eleventh, nineteenth, twentieth, twenty-second, and twenty-third issues. The trial court found all claims raised in Appellant's federal case barred by collateral estoppel and *res judicata*. A review of the record supports this decision. *See* Appellant's Brief at 10-14; TCO at 11-15. Appellant's challenge to the judgment as "unfair" is, additionally, waived for failure to include it in his post-trial motion. *See*

***Diener Brick Co. v. Mastro Masonry Contractor***, 885 A.2d 1034, 1038 (Pa. Super. 2005).

Finally, Appellant's reproduced record also suffers from fatal defects. Appellant did not designate the contents of the record pursuant to Pa.R.A.P. 2154; ***see also*** Pa.R.A.P. 2188 (noting that if an appellant fails to file his designation of a reproduced record within the time period designated by the Rules of Appellate Procedure, the appeal may be dismissed). Appellant's "record" consists of a number of unorganized, unlabeled documents and pleadings, with no indication of where in the certified record they may be found. ***See*** Pa.R.A.P. 2174.

In sum, the defects in Appellant's Rule 1925(b) statement, brief, and reproduced record are so substantial as to preclude meaningful review. Accordingly, Appellant has waived all issues on appeal. ***See Tucker v. R.M. Tours***, 939 A.2d at 346; Pa.R.A.P. 2101.

Order affirmed. Case stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017