J-A16018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER JOHN HARKINS | : | |
| | : | |
| Appellant | : | No. 762 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000034-2022

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: OCTOBER 23, 2023**

Appellant, Christopher John Harkins, appeals *pro se* from the judgment of sentence of fines and costs, imposed after he was convicted, following a non-jury trial, of the summary traffic offense of exceeding the maximum speed limit, 75 Pa.C.S. § 3362(a)(3).  After careful review, we dismiss this appeal.

Appellant's conviction stemmed from evidence that he was driving 67.1 miles per hour in a 50-mile-per-hour zone.  He was initially convicted of a summary offense under section 3362(a)(3) in a magisterial district court, and he subsequently appealed to the York County Court of Common Pleas.  On April 6, 2022, following a non-jury trial, the court found Appellant guilty of that summary offense and sentenced him to pay a fine and the costs of prosecution.

Appellant filed a timely, *pro se* notice of appeal on May 4, 2022.[1] He also complied with the trial court's subsequent order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Notably, Appellant's *pro se* Rule 1925(b) statement was "23 pages long with twelve main issues and numerous sub-issues for a summary traffic offense." Trial Court Opinion (TCO), 7/5/22, at 3. The trial court concluded that Appellant's "'kitchen sink' approach defeats the purpose of a concise statement[,]" and noted that, although Appellant "has chosen to represent himself, … he should not be afforded special privileges related to the rules of appellate procedure…." *Id.* Accordingly, the court requested that Appellant's appeal be dismissed.[2]

Before we may examine the merits of the issues that Appellant raises herein, we must first determine whether he has properly preserved any of his claims for our review. This Court has long recognized that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to

---

[1] We note that on June 8, 2023, this Court sent an invoice letter to Appellant indicating that he had not paid a filing fee required in this case. This Court's Prothonotary's Office informed us that payment for this filing fee was received from Appellant on June 20, 2023.

[2] The trial court also reasoned that Appellant's appeal should be dismissed because he failed to properly file his Rule 1925(b) statement. Ultimately, the clerk of courts accepted and docketed an emailed copy of Appellant's concise statement, as he claimed that he had been unable to electronically file it due to problems with the electronic-filing system. *See* TCO at 2-3. Given that we are dismissing Appellant's appeal due to other inadequacies in his Rule 1925(b) statement, which we discuss *infra*, we decline to address the propriety of the clerk of courts' accepting an emailed copy of his Rule 1925(b) statement for filing.

identify and focus on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does not automatically equate with issue preservation." ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007). For instance,

> [t]his Court has held that when appellants raise an outrageous number of issues in their [Rule] 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal…. Further, this type of extravagant [Rule] 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

***Id.*** (citations and internal quotation marks omitted; brackets in the original).

Hence, "the [Rule] 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa. Super. 2008). ***See also Kanter***, 866 A.2d at 401 (determining that where a total of 104 issues were included in their Rule 1925(b) statements, the appellants raised "an outrageous number of issues, ... deliberately circumvented the meaning and purpose of Rule 1925(b)[,] and … thereby effectively precluded appellate

review of the issues they now seek to raise"). "Even if the trial court correctly guesses the issues [an a]ppellant raises on appeal and writes an opinion pursuant to that supposition[,] the issues are still waived." *Kanter*, 866 A.2d at 400 (internal brackets and citation omitted). Moreover, we cannot accord special relief to an appellant merely because of his or her *pro se* status. *See Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (noting that a *pro se* appellant is not entitled to any particular advantage).

In the present case, Appellant filed a 23-page, mostly single-spaced Rule 1925(b) statement consisting of twelve issues, each of which were followed by numerous sub-parts/sub-issues. This voluminous statement is anything but concise, and certainly did not clearly identify the issues that Appellant intended to raise before this Court. Indeed, Appellant's brief to this Court adds to the confusion regarding which issues he seeks to raise, as his Statement of the Questions Involved section lists ten issues, *see* Appellant's Brief at 4-7, but he only discusses four of those claims in the Argument portion of his brief, *see id.* at 26-32. Thus, we conclude that Appellant's Rule 1925(b) statement was not concise and constitutes bad faith designed to undermine the Rules of Appellate Procedure. *See Jiricko*, *supra*; *Kanter*, *supra*. Consequently, Appellant has waived all issues on appeal due to his circumventing the meaning and purpose of Rule 1925(b), which hinders us

from conducting meaningful judicial review.[3]  Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/23/2023</u>

---

[3] We also observe that, aside from mentioning the statute under which he was convicted (75 Pa.C.S. § 3362(a)(3)), Appellant does not cite or discuss any legal authority to support his first, second, or fourth issues.  *See* Appellant's Brief at 26-29.  Thus, our meaningful appellate review of these claims is hindered on this basis, as well, which further supports our dismissal of Appellant's appeal.  ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.  … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").