J-A07017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH NOVAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANENE NOVAK | : | |
| | : | |
| Appellant | : | No. 1148 MDA 2023 |

Appeal from the Order Entered July 11, 2023
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2016-00194

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: MAY 3, 2024**

Janene Novak ("Novak") appeals from the order denying the petition for contempt she filed against Joseph Novak ("Ex-Husband"). We affirm.

The parties entered into a marital settlement agreement ("MSA") which they incorporated without merger into their April 2016 divorce decree. ***See*** Trial Court Opinion, 7/11/23, at 1. Pertinently, Paragraph 5(a) of the MSA provides as follows:

> The parties are the owners of 67 Loop Road, Mountain Top, Luzerne County, Pennsylvania ("home"). [Ex-Husband] purchased home prior to the marriage for $202,500.00. The current fair market value of the home is $290,000.00. The parties agree that the home shall be immediately listed for sale. The parties agree that the non-marital value of the home is $343,124.61, which is comprised of the purchase price plus improvements to home made by [Ex-Husband] prior to the marriage in the amount of $140,624.61 ("non-marital value").

---

[*] Former Justice specially assigned to the Superior Court.

[Novak] shall be entitled to fifty percent (50%) of the difference between the net sale proceeds of the home and the non-marital value. It is understood that [Ex-Husband] shall be responsible for all expenses, including[,] but not limited to[,] mortgage payments, taxes, insurance[,] and utilities through the date of sale.

MSA, 3/28/16, at 2-3 (unnecessary capitalization changed).

Ex-Husband sold the property in 2022 for a gross sale price of $453,000. *See* Trial Court Opinion, 7/11/23, at 2. Novak contended her entitlement to fifty percent of the difference between the sale price of $453,000 and the non-marital value of $343,124.61, in other words, $54,937.69. *See id*. Ex-Husband disagreed, explaining he owned the home but only leased the land on which it sat, and had to buy the land to sell the home. *See id*. He maintains he obtained a $200,000 mortgage to buy the land. *See id*. Thus, Ex-Husband concludes he does not owe money to Novak. *See id*.

Novak filed a petition for contempt, contending Ex-Husband had violated the MSA by not paying her nearly $55,000 in proceeds from the sale of the home. The trial court held two evidentiary hearings on the petition. Ultimately, the trial court denied Novak's petition for contempt. The instant, timely appeal followed.[1]

Novak raises two issues on appeal:

1. Did the trial court abuse its discretion and err as a matter of law by disregarding the evidence of record such [*sic*] determination is contrary to the law of this Commonwealth?

---

[1] Novak and the trial court complied with Pa.R.A.P. 1925.

- 2 -

2. Did the trial court abuse its discretion and err as a matter of law in concluding that [Ex-Husband's] testimony was unrefuted when the record established that a mortgage did not exist, no mortgage was recorded, no satisfaction of the mortgage was recorded, [Ex-Husband] did not provide [evidence of] a mortgage, the loan terms, interest rate, payment amount[,] or even the name of the institution that held the mortgage?

Novak's Brief at 4 (unnecessary capitalization omitted).

Novak challenges the trial court's denial of her contempt petition because, she contends, Ex-Husband violated the MSA by not giving her fifty percent of the difference between the non-marital value of the home and the sale price. *See* Novak's Brief at 8-18.

"In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a *clear abuse of discretion*. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt." *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 (Pa. Super. 2012) (footnote and citation omitted, emphasis added). "This Court will reverse a trial court's order denying a [ ] contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason." *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012). Thus, "even where the facts could support an opposite result, . . . we must defer to the trial [court] so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion." *In re Adoption of S.P.*, 47 A.3d 817, 826–27 (Pa. 2012). We

- 3 -

defer to the trial court's credibility determinations with respect to witnesses because the court has had the opportunity to observe their demeanor. **See Habjan v. Habjan**, 73 A.3d 630, 644 (Pa. Super. 2013).

To sustain a finding of civil contempt, **the complainant must prove** . . . by a preponderance of the evidence that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. **See P.H.D.**, 56 A.3d at 706, n.7. Moreover,

> [a]s has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

**S.P.**, 47 A.3d at 826 (citations omitted).

Novak first claims the trial court abused "its discretion and err[ed] as a matter of law by disregarding the evidence of record [that] such determination is contrary to the law of this Commonwealth." Novak's Brief at 8. It is difficult to determine what ruling Novak challenges. Moreover, Novak has not preserved this issue for appeal because she failed to include it in her Rule 1925(b) statement. **See Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007) (explaining "[t]he fact [that] [a]ppellants filed a timely [court-ordered] Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation."). **See also U.S. Bank, N.A. v. Hua**, 193 A.3d 994, 996-

97 (Pa. Super. 2018) (emphasizing "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived" and "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." (some emphasis, quotation marks, and citations omitted)).

We have emphasized:

> Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.  This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all.

**Tucker**, 939 A.2d at 346 (citations and quotation marks omitted).

In her 1925(b) statement, Novak raised her second issue, quoted above, and two issues challenging the trial court's credibility findings.  **See** Concise Statement of Matters Raised on Appeal, 8/30/23, at 1-2 (unnumbered).  Novak did not assert in her Rule 1925(b) statement, as she does in her first issue, that the court disregarded record evidence; she first raised the issue in her statement of the questions involved.  **See** Pa.R.A.P. 1925(b)(4)(vii); **see also** Novak's Brief at 4.  Accordingly, Novak's first issue is waived.

Even if reviewable, Novak's first issue would not merit relief.  Novak argues Ex-Husband's testimony he needed to purchase the land was "a fabrication."  Novak's Brief at 9.  She claims Ex-Husband "provided false documents and deceitful testimony" and "misle[]d the trial court." **Id**.  Novak maintains Ex-Husband's testimony regarding the mortgage was not credible

- 5 -

because he is related to the title agent, he could not recall basic facts about the mortgage, and "no such document exists." *Id*. at 11; *see id*. at 10-11. Novak does not cite to any portion of the record to support her claims.[2] *See id*. at 8-12.

"Assessments of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgments for those of the factfinder." *Gutteridge v. J3 Energy Group, Inc.*, 165 A.3d 908, 916 (Pa. Super. 2017) (citation omitted); *see also Habjan*, 73 A.3d at 644. Here, testimonial and documentary evidence the trial court deemed credible supported its determination a mortgage existed. *See* Trial Court Opinion, 7/11/23, at 2-3. Given our limited role as an appellate court, we may not disturb that factually founded conclusion. *See S.P.*, 47 A.3d at 826–27. Thus, even if not waived, Novak's first issue cannot succeed.

In her second issue, Novak contends the trial court erred in determining Ex-Husband's "testimony regarding the purchase of the land was unrefuted. [Novak] contends that not only was his testimony refuted but it was also not

_____

[2] Ex-Husband submitted a signed Settlement Statement, dated 8/11/22; a Standard Agreement for the Sale of Real Estate, dated 2/9/22; an Amendment/Endorsement to the Agreement of Sale, dated 2/11/22, which showed the sale of the house and land which required Ex-Husband to survey and purchase the land the house sits on; an application dated 2/10/22 to convert the land from a leasehold to a fee interest; and copies of various documents from 2022 which are related to a mortgage granted by M&T Bank to Ex-Husband.

credible and was false." Novak's Brief at 13; *see id*. at 13-18. Novak maintains it was Ex-Husband's "burden to prove the existence of the mortgage by producing the mortgage documents and/or deeds. He did not. He did not provide any supporting documents or witnesses." *Id*. at 15. As shown by the listed documents in footnote 2, the record refutes Novak's assertion.

Novak further complains Ex-Husband "did not produce a mortgage or a deed" in violation of both the Statute of Frauds and the best evidence rule. *Id*. at 15; *see id*. at 15-17.

The trial court credited Ex-Husband's testimony "he owned the home . . . but not the land[] but was leasing it for 99 years. The agreement of sale required him to purchase the land." Trial Court Opinion, 7/11/23, at 2-3. The trial court cited to the relevant documents produced by Ex-Husband which supported his testimony regarding the land ownership and mortgage. *See id*. at 2-3. The trial court noted Novak did not produce any evidence in support of her petition other than Ex-Husband's testimony on cross-examination, the MSA, and an internet search of comparable home values. *See id*. The trial court highlighted Novak did not object to any of the documentary evidence produced by Ex-Husband. *See id*. at 3.

Novak's argument suffers from multiple, fatal flaws. Novak relies upon an incorrect standard of review, citing to the standard of review in cases where the trial court has *granted* a motion to hold a person in civil contempt, not the standard of review for denials of that motion. *See* Novak's Brief at 2.

Further, Novak claims the burden of proof was on Ex-Husband, which is incorrect. *See id*. at 15. As detailed above, as the party seeking the contempt finding, *Novak*, bore the burden to prove contempt. *See P.H.D.*, 56 A.3d at 706, n.7. Since Novak contended Ex-Husband was in contempt because: (1) he already owned the land; and (2) there was no mortgage, it was her burden to prove this by providing the trial court with either testimonial or documentary support of her claim. She did not do so.

Moreover, Novak's argument in large part asks us to reweigh the trial court's factual findings, which is not within our purview as an appellate court. Further, she fails to cite to the record to show where she allegedly refuted Ex-Husband's testimony regarding the purchase of the land. *See* Novak's Brief at 13-18. This is a substantial violation of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(c) (providing where the argument references evidence or other matter, it must set forth a reference to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found).

Novak also claims the trial court improperly credited Ex-Husband's testimony and his documentary evidence in violation of both the Statute of Frauds and the best evidence rule. However, Novak does not cite to, and we have been unable to locate, any objections to either Ex-Husband's testimony

or the admission of his exhibits on these bases. Moreover, Novak has not included a "statement of place of raising or preserving of issues" in her brief as required by Pa.R.A.P. 2117(c) and 2119(e). It is "not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." **Commonwealth v. Baker**, 963 A.2d 495, 502 n. 5 and n. 6 (Pa. Super. 2008) (citation omitted). Lastly, Novak does not mention either the Statute of Frauds or the best evidence rule in her Pa.R.A.P. 1925(b) statement. **See** Concise Statement of Matters Complained of on Appeal, 8/30/23, at 1-2 (unnumbered). Consequently, the trial court did not address them in its Rule 1925(a) opinion. **See** Trial Court Opinion, 7/11/23, at 1-7. Thus, Novak's Statute of Frauds and best evidence arguments are waived. **See**, **Tucker**, 939 A.2d at 346.

This Court will not act as counsel and will not develop arguments on behalf of an appellant. **See Bombar v. West American Insurance Company**, 932 A.2d 78, 94 (Pa. Super. 2007). "Judges are not like pigs, hunting for truffles buried in briefs-or, for that matter, in the thousands of pages of record that accompany them." **Langman v. Keystone Nat'l Bank & Trust Co.**, 672 F.Supp.2d 691, 694 (E.D. Pa. 2009) (citation omitted). Novak's argument on this issue is yet again a plea that we disregard the trial court's factual and credibility findings and reweigh the evidence in her favor.

This we cannot do. **See Habjan**, 73 A.3d at 644. Novak's second claim does not merit relief.

Novak's arguments are either waived or are meritless. Therefore, we affirm the order of the trial court.

Order affirmed.

Judge Stabile joins this memorandum.

President Judge Emeritus Stevens did not participate in the consideration or decision in this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024