J-A28002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBERT PAULETTA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIVERVIEW MANOR HOMEOWNERS | : | No. 760 MDA 2025 |
| ASSOCIATION | : | |

Appeal from the Order Entered May 30, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2023-CV-08679

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: MARCH 9, 2026**

Robert Pauletta appeals from the trial court's order granting the motion for summary judgment filed by Riverview Manor Homeowners' Association ("Riverview HOA").  He claims that there are genuine issues of material fact. Upon review, we affirm on the trial court's opinion.

The trial court opinion sets forth the relevant facts and procedural history of this case.  Briefly, this lawsuit arises out a dispute between Pauletta and his homeowner's association.  Pauletta is a unit owner at Riverview Manor, a multi-story condominium located on Front Street in Harrisburg, Pennsylvania.  Riverview Manor is a planned community under the Uniform Planned Community Act ("UPCA"), 68 Pa.C.S.A. §§ 5101-5414.  It is governed and managed by Riverview Manor Homeowners' Association  ("Riverview

HOA") and its property management company, Property Management, Incorporation ("Management Company").

In 2010, after Riverview Manor was declared a planned community, Pauletta purchased unit 310. As a unit owner within a planned community, Pauletta was required to adhere to community's declaration of covenants and restrictions. Notably, these prohibited, *inter alia*, an owner from making any structural modification to the common or controlled facilities of the property or performing any work involving party or perimeter walls, or electrical, air conditioning, ventilation, or exhaust duct work.

In August 2023, Pauletta sought to install a portable HVAC unit inside his unit, which required an outside vent. Pauletta contacted Management Company seeking approval to drill a 4.5-inch diameter exhaust hole from the inside of his unit through the building's rear, exterior wall to the outside. Management Company informed Pauletta that Riverview HOA required certain documentation to review his request and determine whether it would permit Pauletta to proceed with the project.

Over the course of two months, Management Company requested various documents from Pauletta regarding the proposed project, which included a professional proposal, a pamphlet regarding the proposed HVAC plug-in, architectural and engineering studies, and approval from the Harrisburg Architectural Society. Pauletta provided documents to show that other unit owners and the HOA itself had drilled this type of hole, but Pauletta did not provide the information the HOA requested.

Riverview HOA maintained that it never had permitted such modifications before. Pauletta told Management Company that the HOA was holding him to a different standard than other unit owners.

Riverview HOA denied Pauletta's request to drill the exhaust hole, citing structural risk to the building.

On November 7, 2023, Pauletta filed a complaint claiming, *inter alia*, that Riverview HOA was negligent and breached its duty of good faith and fair dealing under the UPCA when it denied his request to install an exhaust hole for his HVAC unit. Specifically, he alleged that Riverview HOA treated him differently and/or unfairly because the HOA itself and other unit owners had holes through the wall for their unit's HVAC systems. As a result, Pauletta sought compensatory and punitive damages. Riverview HOA denied Pauletta's claims.

On May 15, 2025, following the completion of discovery, Riverview HOA filed a motion for summary judgment. On May 30, 2025, the trial court granted the HOA's motion and entered judgment as a matter of law in favor of Riverview HOA. [1]

Pauletta filed this timely appeal. He and the trial court complied with Appellate Rule 1925.

_____

[1] We note that the trial court dismissed Pauletta's complaint with prejudice which is not the legal effect of summary judgment. Rather, judgment is entered in favor of the moving party.

Pauletta raises several issues on appeal:[2]

1. The court erred and abused its discretion in granting Riverview HOA's motion for summary judgment, as there are a number of genuine issues of material facts to submit to the jury and his decision was manifestly unreasonable and the court failed to apply the law.

2. The court erred and abused its discretion and committed an error of law when it concluded that Riverview HOA was not negligent when it denied Pauletta's request to drill a 4.5-inch hole in the unit.

_____

[2] These issues are based on those set forth by the trial court in its Rule 1925(a) opinion, which we have modified slightly, because Pauletta's concise statement fails to comply with Rule 1925(b). When the trial court directs the appellant to file a concise statement of errors complained of on appeal, Rule 1925(b) provides that the statement shall "set forth only those errors that the appellant intends to assert ... [and] ... **concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i), (ii) (emphasis added). Pauletta's 1925(b) statement is not specific and fails to set forth, cogently, any issues to be addressed. Further, a Rule 1925(b) statement should only identify the errors made by the trial court; it should not be a lengthy narrative of facts, procedural history, explanations, or arguments. **See** Pa. R.A.P. 1925(b)(4)(iv). Pauletta's statement is 5 pages. "'Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent so as to permit the trial court to understand the specific issues being raised on appeal.'" **Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020) (quoting **Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007)).

Under Rule 2116, a brief must begin with a statement of the questions involved. Pa.R.A.P. 2116(a). Like the 1925(b) statement, it "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." **Id**. Here, Pauletta's statement of questions involved does not set forth concisely and specifically questions regarding specific errors he claims the trial court made.

Notwithstanding this, we are able to ascertain Pauletta's issues and decline to dismiss Pauletta's appeal for these technical irregularities.

3. The court erred and abused its discretion and committed an error of law by finding that the denial of the Pauletta's request to drill a 4.5-inch hole was impermissible pursuant to 68 Pa.C.S.A. § 5213 (which allows unit owner to make alterations to their units).

4. The court erred and abused its discretion when it did not find that Riverview HOA violated its duty of good faith and fair dealing pursuant to 68 Pa.C.S.A. § 5113.

5. The court erred and abused its discretion when it did not conclude that the facts demonstrated that Riverview HOA abused its design control powers.

6. The court erred and abused its discretion when it did not conclude that the facts demonstrated that Pauletta suffered damages as a result of Riverview HOA's decision and malicious acts in denying his request.

Pauletta generally claims that the trial court erred in granting Riverview's motion for summary judgment as there are genuine issues of material fact in dispute. Our standard of review of a trial court's order granting summary judgment is well established.

> We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.
>
> Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. ***See*** Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. ***Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.***

- 5 -

***Gubbiotti v. Santey***, 52 A.3d 272, 273 (Pa. Super. 2012) (brackets and case citations omitted) (emphasis added).

Here, based upon our review of the record, we agree with the trial court that there are no genuine issues of material fact and that Riverview HOA was entitled to judgment as a matter of law. Indeed, Pauletta failed to adduce evidence to support his claims and, instead, made bald claims against Riverview HOA without evidentiary support. In fact, Pauletta admitted that he did not know if many of his claims were true, and he failed to offer any documents to support them.

Thus, after considering the record, the parties' briefs, the trial court's opinion and applicable law, we conclude that further discussion by this Court is not necessary. We adopt the trial court's opinion as our own in affirming the order granting summary judgment. ***See*** Trial Court Opinion, filed August 1, 2025, at 7-15 (finding: 1) There were no genuine issues of material fact which precluded summary judgment in favor of Riverview HOA; 2) Pauletta failed to adduce evidence to establish his claims that Riverview HOA was negligent and/or violated its duties under the UPCA; although Riverview HOA owed Pauletta certain duties under the UPCA, namely, to act in good faith, with reasonable care, and in the best interests of the association, and to perform its duties with care, skill and diligence of a person of ordinary prudence under similar circumstances, Pauletta failed to provide evidence that Riverview HOA breached or violated these duties, in particular that he was treated differently than the standard, when it denied his request to drill a 4.5-

inch exterior hole in the Riverview Manor building; 3) Pauletta failed to adduce evidence to establish his claim that Riverview HOA violated its obligations under 68 Pa.C.S.A. § 5213 to allow him to alter his unit by drilling a 4.5-inch hole through the exterior wall; Pauletta was required to seek approval from the HOA for his project per the community's declaration and section 5213 but failed to provide Riverview HOA with documents to demonstrate the work would not compromise the structural integrity of the building; 4) Pauletta failed to adduce evidence to establish that Riverview HOA violated its duty of good faith and fair dealing under 68 Pa.C.S.A. § 5113; Pauletta failed to provide evidence that the HOA acted fraudulently, in bad faith, or with self-dealing; instead, the HOA acted in accordance with the declaration and exercised its discretion appropriately; Pauletta's mere disagreement with the HOA's process and decision was insufficient to create a genuine issue of material fact as to this claim; and 5) Pauletta failed to present evidence that Riverview HOA abused its authority to regulate the design and construction of Pauletta's project, which could affect the harmony and value of Riverview Manor; rather, the undisputed evidence showed that Riverview HOA had never granted a request like Pauletta's before, and it made reasonable inquiries to make a fully informed decision, which does not constitute abuse).[3]

---

[3] Because of our disposition on issues one through five, *i.e.*, that Riverview HOA was not negligent and/or did not violate its duties under the UPCA, we do not reach Pauletta's issue regarding damages.

- 7 -

Accordingly, we affirm on the basis of the trial court's opinion.[4]  The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/09/2026

---

[4] We note that the trial court references the Pennsylvania Uniform Condominium Act periodically in its opinion but should be the Uniform Planned Community Act.  See Trial Court Opinion, 8/1/25, at 8, 12.