J-S26011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN K. RUSH :
:
Appellant : No. 29 EDA 2023

Appeal from the PCRA Order Entered November 17, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at Nos.: CP-09-CR-0001253-2015,
CP-09-CR-0002968-2018, CP-09-CR-0004190-2018

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 1, 2023**

Brian K. Rush *pro se* appeals from the November 17, 2022 order of the Court of Common Pleas of Bucks County ("PCRA county"), which denied without a hearing his request for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-56. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As summarized by the PCRA court:

> On March 8, 2018, on docket number CP-09-CR-1253-2015, Appellant entered a negotiated guilty plea to criminal attempt— theft by deception and bad checks. On April 22, 2019, Appellant entered negotiated guilty pleas on two separate informations. On docket number CP-09-CR-2968-2018, Appellant pled guilty to identity theft, forgery, access device fraud, theft by deception, and receiving stolen property. On docket number CP-09-CR-4190-2018, Appellant pled guilty to bad checks, access device fraud, theft by deception, forgery, and identity theft.

On November 19, 2021, Appellant appeared before [the court] for a violation hearing after violating his probation on all three dockets by incurring criminal convictions on two new cases, one of which was for a suboxone drug ring he ran while in the Bucks County Correctional Facility (hereinafter "BCCF"). This was Appellant's first violation on the 2018 dockets and his second violation on the 2015 docket. At the hearing, Appellant admitted that he was in violation of his probation but contested the Commonwealth's recommended sentence. After hearing testimony, th[e c]ourt sentenced Appellant to no less than eighteen (18) to no more than thirty-six (36) months incarceration in the state correctional institution (hereinafter "SCI") on both docket number CP-09-CR-1253-2015 and docket number CP-09-CR-2968-2018 and to twenty-four (24) months of probation on docket number CP-09-CR-4190-2018. [The c]ourt directed that these sentences be served consecutively, as well as consecutively to the sentence imposed on Appellant's suboxone drug-ring case (docket number CP-09-CR-209-2020).

On November 29, 2021, Appellant filed a motion for reconsideration of sentence. After a hearing on December 17, 2021, [the c]ourt denied Appellant's motion. Appellant then attempted to file several improper *pro se* motions that were placed in Appellant's file and forwarded to Appellant's attorney of record pursuant to Pa. R.Crim.P. 576(a)(4). On April 21, 2022, Appellant filed a *pro se* PCRA petition. [The PCRA court] appointed Bonnie-Ann Brill Keagy, Esquire to represent Appellant. On September 12, 2022, Ms. Keagy filed a petition to withdraw as [Appellant's] counsel after reviewing the files and determining that Appellant's *pro se* PCRA petition did not have legal merit and could not be amended to state meritorious claims.[1]

On September 21, 2022, [the c]ourt issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 and granted Ms. Keagy's motion to withdraw as counsel. After Appellant responded to th[e c]ourt's notice of intent to dismiss without a hearing, [the c]ourt formally denied Appellant's *pro se*

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA petition on November 17, 2022. On December 16, 2022, Appellant [*pro se*] filed a notice of appeal to the Superior Court.[2]

PCRA Court Opinion, 2/9/23, at 1-3 (unnecessary capitalizations and footnotes omitted). Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[3] Appellant presents two issues for our review.

[I.] Did the PCRA court err as a matter of law in granting appointed counsel's petition to withdraw as defendant's counsel?

[II.] Did the PCRA court err in dismissing the instant PCRA petition pursuant to Pa.R.Crim.P. 907 without convening an evidentiary hearing?

Appellant's Brief at 4.

At the outset, upon review of the record, we are constrained to agree with the PCRA court's and Commonwealth's position that Appellant's issues

---

[2] Appellant filed a single notice of appeal listing the three docket numbers at issue *sub judice*. Ordinarily, the listing of multiple docket entries would run afoul of the requirements set forth in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). However, in **Commonwealth v. Stansbury,** 219 A.3d 157 (Pa. Super. 2019), this Court concluded that a breakdown in the courts occurs, as did here, when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposes of petitions pending at multiple docket numbers. **See also Commonwealth v. Larkin,** 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**). Specifically, the PCRA court advised Appellant in the November 17, 2022 order that he "has thirty (30) days from the entry of this Order to file **an** appeal with the Pennsylvania Superior Court." PCRA Court Order, 11/17/22 (emphasis added). Accordingly, in overlooking Appellant's noncompliance with **Walker**, we find that there was a breakdown in the courts as per **Stansbury** and **Larkin**. We allow this appeal to proceed.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

before us, relating to the PCRA court's grant of counsel's withdrawal petition and denial of relief without a hearing, are waived because he failed to assert and thereby preserve them in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant's Rule 1925(b) statement, reproduced verbatim, provides in pertinent part:

> a. The Trail court did not have statutory authority to revoke a consecutive order of probation before it began.
>
> b. Illegal sentence.
>
> c. Legality of sentence.
>
> d. Judgement of sentence imposed.

Appellant's Rule 1925(b) Statement, 2/6/23 (sic). As the PCRA court aptly reasoned:

> [The court] believes that all of Appellant's arguments are waived due to his failure to file a coherent 1925(b) statement. Rule 1925(b)(ii) specifically states that "[t]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Further, Appellate courts have held that "Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007). Because Appellant has raised a number unspecific, unintelligible, and incoherent issues without explanations, this court argues that Appellant "ha[s] deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[s] thereby effectively precluded appellate review of the issues they now seek to raise." *Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004).

PCRA Court Opinion, 2/9/23, at 4. Indeed, issues not raised in a court-ordered 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii); *see also*

***Commonwealth v. Given***, 244 A.3d 508, 510 (Pa. Super. 2020) (appellant waived all issues on appeal by failing to raise them in his Rule 1925(b) statement); ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998), ***superseded by rule on other grounds in Commonwealth v. Burton***, 973 A.2d 428, 431 (Pa. Super. 2009).  Moreover, an appellant cannot raise an issue for the first time on appeal.  ***See*** Pa.R.A.P. 302(a).  Accordingly, Appellant does not obtain relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/01/2023</u>